Filed 11/29/23  P. v. Lewis CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Respondent,<br><br>v.<br><br>JOHN JOSEPH LEWIS,<br><br>  Defendant and Appellant. | 2d Crim. No. B329020<br>(Super. Ct. No. 2007002281)<br>(Ventura County) |

John Joseph Lewis appeals the trial court's denial of his motion for resentencing pursuant to Penal Code section 1172.6 (formerly § 1170.95).[1]  Appellate counsel filed an opening brief informing this court that he reviewed the record and could not find any arguable issues to raise on appeal.  Counsel requested that we send the opening brief to Lewis and inform him of his right to file a supplemental letter or brief.  We so informed Lewis and he filed a supplemental brief.  We evaluated the supplemental brief and find no issues of merit.  (*People v.*

---

[1] All statutory references are to the Penal Code.

*Delgadillo* (2022) 14 Cal.5th 216, 232 [when appellate counsel has found no arguable issues and the appellant submits a supplemental brief or letter, "the Court of Appeal is required to evaluate the specific arguments presented in that brief and to issue a written opinion"].)  Accordingly, we conclude that the court properly denied Lewis's resentencing motion, and affirm.

This appeal concerns the 2006 murder of Fred Williams, a member of the criminal street gang Black Mafia Gangsters (BMG).  Longtime friend and fellow BMG gang member Bakari Pitts shot Williams in an execution-style manner.  Lewis had directed Pitts to kill Williams because he and other gang members believed that Williams was a "snitch."  Lewis had offered Pitts money to kill Williams.

### FACTUAL AND PROCEDURAL HISTORY[2]

Lewis was a senior member of BMG and a "big homie" in the street gang.  Pitts agreed to kill Williams because Lewis asked him to "get rid of" Williams.  Pitts arranged a meeting with Williams in rural Somis.  Marlon Thornton drove Pitts to the area in a rental vehicle.  Williams arrived and parked his vehicle.  Pitts walked to Williams's vehicle and shot him in the head from a close distance.  Pitts then disposed of the firearm in nearby bushes.

Thornton and Pitts left the area and drove toward Los Angeles.  Along the way, Pitts telephoned Lewis and stated that he had completed the assignment ("It's done.").  Lewis responded that Pitts would receive payment in Bakersfield.  Lewis later gave Pitts $5,000 and marijuana as payment for the killing.

---

[2] Our factual summary is derived from the unpublished opinion in Lewis's direct appeal.  (*People v. Lewis* (June 29, 2009, B208585) [nonpub. opn.].)

From his jail cell, Lewis made statements to a bail bondsman implicating himself in Williams's murder.

On January 26, 2007, the grand jury indicted Lewis for the first degree murder of Williams and alleged two special circumstances of murder for financial gain and murder carried out to further the activities of a criminal street gang. (§ 190.2, subd. (a)(1), (22).) At a jury trial, the court instructed regarding direct aiding and abetting and the elements of first degree murder. The court did not instruct regarding felony murder, the natural and probable consequences doctrine, or any theory of imputed malice. The jury convicted Lewis of first degree murder and found the special circumstance and firearm allegations true.

The trial court sentenced Lewis to life without the possibility of parole plus twenty-five years to life for the firearm enhancement to be served consecutively. We affirmed the conviction in *People v. Lewis, supra,* B208585.

Following Lewis's conviction of first degree murder with special circumstances and his later appeal, he brought a motion for resentencing pursuant to section 1172.6. The trial court took judicial notice of the court's file and then denied the motion at the prima facie stage. The court concluded that the jury was not instructed regarding felony murder or the natural and probable consequences doctrine. The court therefore decided that Lewis is ineligible for resentencing as a matter of law because his conviction did not rest upon any theory of imputed malice.

Lewis's counsel has requested that we undertake an independent review of the record. We decline this invitation and instead, briefly consider the arguments Lewis raises in his supplemental brief. (*People v. Delgadillo, supra,* 14 Cal.5th 216, 231-232.)

3

## *DISCUSSION*

A person is entitled to resentencing relief pursuant to section 1172.6 if (1) "[a] complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder [or] murder under the natural and probable consequences doctrine," (2) the petitioner "was convicted of murder," and (3) the petitioner "could not presently be convicted of murder . . . because of changes to Section 188 or 189 made effective January 1, 2019." (*Id.*, subd. (a)(1)-(3).) In January 2019, our Legislature amended section 188 to provide that "in order to be convicted of murder, a principal in a crime shall act with malice aforethought" and that "[m]alice shall not be imputed to a person based solely on his . . . participation in a crime." (*Id.,* subd. (a)(3), as amended by Stats. 2018, ch. 1015, § 2.) The amendment ensures that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, nor was not a major participant in the underlying felony who acted with reckless indifference to human life. (*People v. Lewis* (2021) 11 Cal.5th 952, 967.) Section 1172.6 provides a procedure for convicted murderers who could not be convicted under the amended law to retroactively seek relief.

The trial court may consider the defendant's record of conviction, including the court's own documents, in assessing whether he has made a prima facie case for relief pursuant to section 1172.6. (*People v. Lewis, supra,* 11 Cal.5th 952, 971-972 [record of conviction includes jury summations, jury instructions, verdict forms, and prior appellate opinions].) Here the court's jury instructions rested upon direct aiding and abetting and first degree premeditated murder, not any theories of imputed malice.

4

In his supplemental brief, Lewis contends that his attorney in the section 1172.6 proceeding had a conflict of interest because he represented a witness at Lewis's 2008 trial. He adds that an associate in his attorney's law firm represented a different witness at the 2008 trial. Lewis also challenges Pitts's credibility and points out that he stated many versions of the events preceding and following the murder.

Lewis's contentions have no bearing on this appeal which concerns section 1172.6 resentencing in convictions resting upon the felony murder or natural and probable consequences doctrines. Moreover, matters of witness credibility and the weight of the evidence are questions for the trier of fact. These matters were determined adversely to Lewis to trial and we do not redetermine them. (*People v. Thomas* (2023) 14 Cal.5th 327, 378.)

### DISPOSITION

The order is affirmed.

NOT TO BE PUBLISHED.


GILBERT, P. J.

We concur:


BALTODANO, J.


CODY, J.

5

David R. Worley, Judge

Superior Court County of Ventura

_____

S. R. Balash, Jr., under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent